IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES KENNETH MOFFITT, 179416, )
    Petitioner, )
     )
    v. ) 2:17-cv-276
     )
COMMONWEALTH OF PENNSYLVANIA, )
et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of James Kenneth Moffitt for a writ of habeas corpus (ECF No. 1) be dismissed for failure to exhaust state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

James Kenneth Moffitt, an inmate at the Allegheny County Jail, has presented a petition for a writ of habeas corpus. Moffitt is presently serving an eighteen to twenty-four month sentence imposed following his plea of guilty to charges of manufacture, delivery or possession with intent to manufacture or deliver a controlled substance at CP-02-CR-3990-2016 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 25, 2016.[1] No appeals were pursued.[2]

In his petition filed on February 28, 2017, Moffitt contends he is entitled to relief on the following grounds:

    1. To be granted and not deprived of my rights to life and liberty. Violation of my rights, Amendments one, five six and fourteen.
    2. The deprivation for my medical condition of having seizures, I'm not being properly cared for medically violating my civil rights.

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶ 8.

3. Participation in second chance act. Entrance into a program.[3]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[3] Id. at ¶12.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

In the instant case, petitioner's first allegation seeks to challenge his conviction and is properly raised in a habeas corpus petition after petitioner exhausts the available state court remedies. In the instance case, Moffitt concedes that he has not attempted to exhaust the available state court remedies and we have verified this from the Common Pleas Court Docket.[4] Thus, his habeas corpus petition is subject to dismissal here.

Accordingly, it is recommended that the petition of James Kenneth Moffitt for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: March 6, 2017

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

---

[4] The petitioner's second and third issues appear to challenge the conditions of his confinement, a challenge which should be raised in a civil rights complaint and not in a habeas corpus action. Prieser v. Rodriguez, surpa.